## ALEXANDER C. DAVIS

*v.*

## LEOPOLD HOEPPNER.

1. NEW TRIAL — *motion for, on the evidence.* The jury seeing the witnesses on the stand have opportunities superior to an appellate court to determine the weight proper to be given to evidence when conflicting. So has the circuit judge who presides at the trial better means of determining whether the verdict is sustained by the evidence. An appellate court will not, therefore, interfere to set aside a verdict because it is against the weight of evidence, unless it is clearly unsustained.

2. EVIDENCE — *conflicting — duty of jury.* Where the evidence is conflicting, it is the duty of a jury to reconcile it if that may be done; if not, then to reject such portions as they regard unworthy of belief.

3. ADMISSIONS — *by witness, how far evidence.* Statements made by a person in the employment of another as to the amount his employer owes another, are not binding upon his principal, but are proper evidence to contradict the witness and to show whether he is disposed to testify fairly.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was an action brought by appellee before a justice of the peace against appellant to recover the balance of an account for work and labor. On a trial before the justice of the peace, appellant recovered a judgment for twelve dollars and seventeen cents. The case was then removed to the Circuit Court of Jo Daviess county. At the March Term, 1866, of that court a trial was had by a jury.

Henry Davis, a son of defendant, testified that plaintiff worked for his father from the 15th of May, 1865, till the 27th

of January, 1866; that he was his father's book-keeper, and kept plaintiff's account; that plaintiff attended to the stock, cut wood and did a little work on the farm; that plaintiff milked the cows and fed the stock on Sundays; that no money was due him; that he did not remember of saying to Stinele that there was thirty-five dollars due him, but may have said so the day plaintiff left.

That he was not present when the contract was made, but heard defendant say he was to pay him one dollar and a half per day; that he had plaintiff to come on Sunday and attend to the cattle; that he made out the account filed by defendant, which shows plaintiff to owe defendant twelve dollars and seventeen cents, and that it is correct; that defendant, in the same connection that he said that he was to pay plaintiff, also said plaintiff was not to charge for attending to the cattle on Sundays.

That he did not think he said to Stinele that he would pay plaintiff thirty-five dollars; and did not recollect saying to him after trial, before the justice of the peace, that plaintiff would have done better to have taken the thirty-five dollars; defendant did not authorize witness to pay plaintiff thirty-five dollars; plaintiff lost time.

Stinele testified, that plaintiff began to work in May, 1855, and quit in January, 1866; that Henry Davis told witness the day plaintiff quit work, that there was thirty-five dollars due him; after the trial by the justice, he said plaintiff would have done better if he had taken the thirty-five dollars.

Zachary P. Davis testified that he was present when the contract was made, and gives it as his brother spoke of it; that he heard his brother or father, but which he does not know, say that thirty-five dollars was due plaintiff when he left.

The jury found a verdict in favor of plaintiff, for fifty dollars. A motion for a new trial was entered, and plaintiff remitted all of the verdict but thirty-five dollars, whereupon the court overruled the motion for a new trial, and rendered a judgment for the balance of the judgment, after the remittitur was entered. Defendant below brings the case to this court

by appeal, and urges a reversal, because the verdict is contrary to evidence, was contrary to the law, and because a new trial should be granted.

Mr. LOUIS SHISSLER, for the appellant.

Messrs. SMALL & MILLER, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action originally commenced before a justice of the peace by appellant, on an account for labor, against appellee. On a trial appellant recovered a judgment against appellee for the sum of twelve dollars.

The cause was removed to the Circuit Court by appeal, and on a trial in that court before a jury a verdict was found in favor of appellee for the sum of fifty dollars. Appellant entered a motion for a new trial, when appellee entered a remittitur for fifteen dollars, and the court overruled the motion and rendered a judgment for the balance against appellant. He prosecutes an appeal to this court and assigns for error that the verdict is contrary to the evidence; that it was contrary to law; that the jury disregarded appellant's instructions; and that the court should have granted a new trial.

The jury, having all the witnesses before them, should be better qualified to determine the weight proper to be given to evidence, than persons who have not heard it nor seen the witnesses testify, and the circuit judge who presides at a trial has better opportunities of determining whether a verdict is sustained by the weight of evidence, than an appellate tribunal. On a motion for a new trial because the verdict is not sustained by the evidence, the judge trying the case, as a matter of fact, reviews all of the evidence, considers the manner of the witnesses on the stand, their intelligence and opportunities for being informed as to the subject about which they testify, together with all the circumstances lending weight, or impair-

ing the force of the testimony. Such being the duty of the jury in trying the issues, and of the circuit judge in reviewing the testimony, on the motion for a new trial, this court should never interfere to reverse a judgment because the verdict is not supported by the evidence, except in a clear case,—never, where there is no more than a doubt of the correctness of a finding.

Such has been the rule of this court ever since the power was given to it to review the finding of the jury. In this case there was perhaps a conflict in the testimony, and it was the province of the jury to reconcile it, if that could be done, and if not, then to reject such portions as were unworthy of belief. They were the judges of the weight that the evidence was entitled to receive, and having performed the duty which the law has imposed upon them in that respect, their finding will not be lightly disturbed. In this case there was, we think, evidence to warrant a verdict for thirty-five dollars. It is, however, urged, that, to find that sum, appellee must have been allowed for labor performed on Sundays during the period which he labored for appellant. Had appellee lost no time after he commenced to work, until he quit, it would, at the contract price, exclusive of Sundays, have amounted to three hundred and thirty-one dollars and fifty cents. The amount paid was only claimed to be two hundred and eighty-one dollars and ninety-two cents, which would leave a balance of forty-nine dollars and sixty-eight cents. But the witness, Henry Davis, son of appellant, who does not appear to have testified very fairly, says, that appellee did lose time, and that the account he rendered was correct, from which it appears that about forty days were deducted for loss of time.

It appears that this witness, who was his father's book-keeper, stated, when appellee called on him for a settlement, " that there was due him thirty-five dollars," and after the trial before the justice of the peace, " that appellee would have done better to have taken that sum, than to have sued." He, however, attempts to break the force of the first statement by saying, " that he had not then examined the account, and was mis-

taken," As to the other statement, he says "he has no recol-
lection of having made it." And while these statements were
not binding on appellant, and were correctly excluded by the
court as evidence to prove appellant's claim, they were proper
to be considered by the jury, to enable them to place a correct
estimate upon the value of his evidence. The jury were thus
enabled to determine his disposition to testify fairly, and for
that purpose alone, it was proper to be considered by the jury.

The evidence of Stinele was, "that appellee commenced
work for appellant in May, 1865, and left in January, 1866."
Uncontradicted or unexplained, the jury, on this evidence,
would have been warranted in at least averaging the time, if
not in allowing the greater part of both months, as he does not
speak of the loss of any portion of the time. Taking the time
of commencing and leaving off, as fixed by Henry Davis, and
if there had been no loss of time, the verdict of the jury would
have been very nearly, if not entirely, correct. They evidently
were not inclined to place unlimited confidence in the evi-
dence of Henry Davis, judging from the verdict which they
rendered.

Again, the other son of appellant, who was called as a witness
by him, states, that he heard either his brother Henry or his
father, but he was not sure which, say, about the time appellee
left, that there was due him thirty-five dollars. Being a son,
and called by appellant, the jury would be warranted in the
conclusion that it was said by the father. It would seem to be
implied that this witness had heard both his father and brother
speak of the matter; and that it was not claimed by them that
appellee owed appellant, but that the reverse was true. We
are not prepared to say that the verdict, as it was modified,
embraced any thing for labor on Sundays, or that it is not sup-
ported by evidence. The evidence may not be of that clear
and convincing character as to leave the question free from
doubt; still there is, we think, enough to support the verdict
upon which the judgment was rendered, and the judgment of
the court below must be affirmed.

*Judgment affirmed.*